UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| KIM WADE DILLON,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT BOB DOOLEY, JR., AND THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Defendants. | 3:14-CV-03018-RAL<br><br>ORDER DENYING MOTION FOR JUDGMENT OF DEFAULT AND DENYING CERTIFICATE OF APPEALABILITY |

Plaintiff Kim Wade Dillon filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody in this case on December 12, 2014. Doc. 1. Dillon is serving time after pleading guilty in Hughes County state court to one count of aggravated assault against a law enforcement officer, one count of driving under the influence of alcohol, and being a habitual offender. Dillon v. Dooley, 13-CIV-3001-RAL, Doc. 17 (D.S.D. December 17, 2013). This was not Dillon's first § 2254 petition filed in this Court. Previously, this Court handled a § 2254 Petition filed by Dillon, ordered the Defendant to answer, considered the entire record, and ultimately issued an Opinion and Order Dismissing Complaint. In that Opinion and Order, this Court explained at length why Dillon's claims had been procedurally defaulted through a failure to exhaust them in state court. Id. In short, Dillon failed to appeal to the Supreme Court of South Dakota from his conviction and sentence initially. Though Dillon brought a state court habeas case, he failed to timely appeal an adverse ruling to the Supreme Court of South Dakota.

Id. Dillon had not and still has not presented an argument for cause and prejudice or actual innocence. This Court did not issue a certificate of appealability to Dillon in his first § 2254 case. The United States Court of Appeals for the Eighth Circuit affirmed and denied Dillon's petition for rehearing en banc. Id. at Docs. 32, 33.

Dillon faced an additional bar to this second § 2254 petition. As this Court explained in its Opinion, Order and Judgment Dismissing Petition for Writ of Habeas Corpus, Doc. 4, the Antiterrorism and Effective Death Penalty Act limits a second § 2254 habeas case such as this one by providing in relevant part that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Similarly, Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts states that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Dillon did not obtain such an order from the United States Court of Appeals for the Eighth Circuit to present another claim under § 2254. Therefore, based on Rule 4 of the Rules Governing § 2254 Cases, "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," so this Court "must dismiss the petition and direct the clerk to notify the petitioner." This Court already has done so, as his successive § 2254 claim was frivolous. Doc. 4.

Now Dillon has filed a Motion for Judgment By Default and to Vacate Judgment of Dismissal, Doc. 7, together with a Notice of Appeal, Doc. 5. This Court did not address issuance of a certificate of appealability in its previous order. For the reasons explained herein, it is hereby

2

ORDERED that Dillon's Motion for Judgment by Default and to Vacate Judgment of Dismissal, Doc. 7, is denied. It is further

ORDERED that as concerns the Notice of Appeal, Doc. 5, no certificate of appealability issues. It is further

ORDERED that Dillon may proceed in forma pauperis with his appeal as he is indigent. It is finally

ORDERED that this action constitutes a first action of Kim Wade Dillon for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

DATED this 2nd day of March, 2015.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE